IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MASTER LOCK COMPANY LLC**<br>137 West Forest Hill Avenue<br>Oak Creek, Wisconsin 53154,<br><br>Plaintiff,<br><br>v.<br><br>**TOLEDO & CO., INC.**<br>Urb. Industrial Espinosa, Lote 3<br>Carr #2 Vega Baja, Puerto Rico 00646<br>P.O. Box 915<br>Dorado, Puerto Rico 00646,<br><br>Defendant. | CASE NO.<br><br><br><br><br><br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT:

Plaintiff Master Lock Company LLC ("Master Lock") files this Complaint against Defendant Toledo & Co., Inc. ("Toledo & Co."). Master Lock hereby complains and avers as follows:

**1.** This is an action for damages and injunctive relief to remedy patent infringement by Toledo of U.S. Patent No. 7,481,085 (the "'085 Patent"), U.S. Patent No. 7,516,843 (the "'843 Patent"), U.S. Patent No. 7,743,917 (the "'917 Patent"), U.S. Patent No. 7,905,351 (the "'351 Patent"), and U.S. Patent No. 8,166,783 (the "'783 Patent"), all of which are utility patents assigned to and owned by Master Lock (collectively, the "Master Lock Patents").

{02103178.DOC;2 }

## THE PARTIES

2.  Plaintiff Master Lock is a corporation existing under the laws of the State of Delaware, with a principal place of business at 137 West Forest Hill Avenue, Oak Creek, Wisconsin 53154.  Master Lock makes and sells a diverse line of residential and commercial security products, including padlocks.

3.  Defendant Toledo & Co. is, upon information and belief, a corporation existing under the laws of Puerto Rico with a principal place of business at Urb. Industrial Espinosa, Lote 3 Carr #2, Vega Alta, Puerto Rico 00646.  Upon information and belief, Toledo & Co. imports and sells security products, including padlocks.  Toledo & Co. regularly does business in Puerto Rico, including selling and shipping its products in this judicial district.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this controversy concerning patent infringement by virtue of Title 35 U.S.C. § 271 and § 281 and Title 28 U.S.C. § 1331 and § 1338(a).

5.  This Court has personal jurisdiction over Toledo & Co. based on the following: Upon information and belief, Toledo & Co. maintains a principal place of business in Puerto Rico and an established distribution network for offering for sale, selling and/or shipping into Puerto Rico the infringing products as well as a substantial amount of other products sold by Toledo & Co.  Upon information and belief, Toledo & Co.'s infringement of the Master Lock Patents in Puerto Rico has tortiously injured the Plaintiff, Master Lock, in this district.  Further, Toledo & Co. (a) upon information and belief, is selling and/or has offered for sale products to be sold in this judicial district which infringe the claims of the Master Lock Patents; (b) upon information and belief, regularly solicits business in this judicial district and sells a substantial

amount of products in this judicial district; (c) upon information and belief, is engaged in substantial and non-isolated activities within this judicial district, whether such activities are wholly within Puerto Rico or otherwise; and (d) upon information and belief, derives substantial revenue from goods used or consumed in Puerto Rico and resides in Puerto Rico.

6. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b)(1), (b)(2) and (c) and 28 U.S.C. § 1400(b).

## CAUSES OF ACTION

### COUNT I- DIRECT INFRINGEMENT OF THE '085 PATENT

7. Plaintiff realleges and incorporates by reference paragraphs 1 through 6 above as if fully rewritten herein.

8. On January 27, 2009, the '085 Patent, including claims to sleeved laminated padlocks, was duly and legally issued naming Christopher Rohde, John Blomstrom, John Weber, and Robert Rice as inventors. Master Lock is the owner by assignment of the entire interest in the '085 Patent, including all rights to make, use and sell under the '085 Patent. A true and correct copy of the '085 Patent is attached hereto as Exhibit A.

9. Toledo & Co. imports, uses, sells, and offers for sale a line of packaged commercial lock products under the Toledo® High Security Laminated Padlock line, including packaged padlock product Model Nos. TBK12, TBK13, and TBK14 ("the Toledo packaged laminated padlocks"). The Toledo packaged laminated padlocks infringe at least claim 21 of the '085 Patent.

10. Defendant Toledo & Co. has been infringing and continues to infringe at least claim 21 of the Master Lock '085 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks in Puerto Rico that embody the patented invention, and has

been inducing and continuing to induce others to do the same, in violation of the United States patent laws.

11. Upon information and belief, Toledo & Co.'s acts of infringement have been willful and deliberate, without license, and with full knowledge and awareness of Master Lock's patent rights.

12. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '085 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

13. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

## COUNT II- DIRECT INFRINGEMENT OF THE '843 PATENT

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 above as if fully rewritten herein.

15. On April 14, 2009, the '843 Patent, including claims to padlock and packaging combinations, was duly and legally issued naming Gary Konop and David Kearns as inventors. Master Lock is the owner by assignment of the entire interest in the '843 Patent, including all rights to make, use and sell under the '843 Patent. A true and correct copy of the '843 Patent is attached hereto as Exhibit B.

16. The Toledo packaged laminated padlocks infringe at least claims 1, 3, 4, 5, 12, 15, and 16 of the '843 Patent.

17.     Toledo & Co. imports, uses, sells, and offers for sale a line of packaged commercial lock products under the Toledo® Super Duty Solid Steel Padlock line, including packaged padlock product Model Nos. TBK90R and TBK92R ("the Toledo packaged solid steel padlocks").  The Toledo packaged solid steel padlock Model No. TBK90R infringes at least claims 1, 3, 4, 5, 12, 15, and 16 of the '843 Patent.

18.     Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock '843 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks and the Toledo packaged solid steel padlock Model No. TBK90R in Puerto Rico that embody the patented inventions, and has been inducing and continuing to induce others to do the same, in violation of the United States patent laws.

19.     Upon information and belief, Toledo & Co.'s acts of infringement have been willful and deliberate, without license, and with full knowledge and awareness of Master Lock's patent rights.

20.     The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '843 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

21.     Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities.  Master Lock has been damaged by Toledo & Co.'s infringing activities.  The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

**COUNT III- DIRECT INFRINGEMENT OF THE '917 PATENT**

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 above as if fully rewritten herein.

23. On June 29, 2010, the '917 Patent, including claims to padlock and packaging combinations, was duly and legally issued naming Gary Konop and David Kearns as inventors. Master Lock is the owner by assignment of the entire interest in the '917 Patent, including all rights to make, use and sell under the '917 Patent. A true and correct copy of the '917 Patent is attached hereto as Exhibit C.

24. The Toledo packaged laminated padlock Model Nos. TBK12 and TBK13 infringe at least claims 1-7, 12-18, 21 and 26-31 of the '917 Patent. The Toledo packaged laminated padlock Model No. TBK14 infringes at least claims 14, 15, 18, and 21 of the '917 Patent.

25. The Toledo packaged solid steel padlock Model No. TBK90R infringes at least claims 1-7, 12-18, 21, and 26-31 of the '917 Patent.

26. Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock '917 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks and the Toledo packaged solid steel padlock Model No. TBK90R in Puerto Rico that embody the patented inventions, and has been inducing and continuing to induce others to do the same, in violation of the United States patent laws.

27. Upon information and belief, Toledo & Co.'s acts of infringement have been willful and deliberate, without license, and with full knowledge and awareness of Master Lock's patent rights.

28. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '917 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

29. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

## COUNT IV- DIRECT INFRINGEMENT OF THE '351 PATENT

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above as if fully rewritten herein.

31. On March 15, 2011, the '351 Patent, including claims to padlock and packaging combinations, was duly and legally issued naming Gary Konop and David Kearns as inventors. Master Lock is the owner by assignment of the entire interest in the '351 Patent, including all rights to make, use and sell under the '351 Patent. A true and correct copy of the '351 Patent is attached hereto as Exhibit D.

32. The Toledo packaged laminated padlock Model Nos. TBK12 and TBK13 infringe at least claims 1-7 and 9-22 of the '351 Patent.

33. The Toledo packaged solid steel padlock Model No. TBK90R infringes at least claims 1-7 and 9-22 of the '351 Patent.

34. Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock '351 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlock Model Nos. TBK12 and TBK13 and the Toledo packaged solid steel padlock

Model No. TBK90R in Puerto Rico that embody the patented inventions, and has been inducing and continuing to induce others to do the same, in violation of the United States patent laws.

35. Upon information and belief, Toledo & Co.'s acts of infringement have been willful and deliberate, without license, and with full knowledge and awareness of Master Lock's patent rights.

36. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '351 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

37. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

## COUNT V- DIRECT INFRINGEMENT OF THE '783 PATENT

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 above as if fully rewritten herein.

39. On May 1, 2012, the '783 Patent, including claims to bump resistant key cylinder lock assemblies, was duly and legally issued naming Gary Burmesch, Jesse Marcelle, and Glenn Meekma as inventors. Master Lock is the owner by assignment of the entire interest in the '783 Patent, including all rights to make, use and sell under the '783 Patent. A true and correct copy of the '783 Patent is attached hereto as Exhibit E.

40. All of the Toledo packaged laminated padlocks infringe at least claim 13 of the '783 Patent.

41. All of the Toledo packaged solid steel padlocks infringe at least claim 13 of the '783 Patent.

42. Toledo & Co. imports, uses, sells, and offers for sale the Toledo® Super Duty Solid Steel Padlock line, including shackleless padlock product Model No. TBK400 ("the Toledo shackleless padlocks"). The Toledo shackleless padlock Model No. TBK400 infringes at least claim 13 of the '783 Patent.

43. Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock '783 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks, the Toledo packaged solid steel padlocks, and the Toledo shackleless padlock Model No. TBK400 in Puerto Rico that embody the claimed invention, and has been inducing and continuing to induce others to do the same, in violation of the United States patent laws.

44. Upon information and belief, Toledo & Co.'s acts of infringement have been willful and deliberate, without license, and with full knowledge and awareness of Master Lock's patent rights.

45. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '783 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

46. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

**PLAINTIFF DEMANDS TRIAL BY JURY**

47.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Master Lock Company LLC hereby demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Master Lock prays:

(a)     for a judgment that Master Lock owns each of the '085 Patent, the '843 Patent, the '917 Patent, the '351 Patent, and the '783 Patent;

(b)     for a judgment that each of the '085 Patent, the '843 Patent, the '917 Patent, the '351 Patent, and the '783 Patent is valid and enforceable;

(c)     for a judgment that Toledo & Co. has infringed each of the '085 Patent, the '843 Patent, the '917 Patent, the '351 Patent, and the '783 Patent;

(d)     for a preliminary and permanent injunction against further infringement of each of the '085 Patent, the '843 Patent, the '917 Patent, the '351 Patent, and the '783 Patent by Defendant Toledo & Co., its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them;

(e)     for an accounting to establish Master Lock's damages and for judgment against Toledo & Co. awarding this damage amount;

(f)     for a judgment that Toledo & Co.'s infringement is willful and that the award of damages be increased three times the amount assessed under 35 U.S.C. § 284;

(g)     for an assessment of costs against Toledo & Co.;

(h) for a finding that this action is exceptional and for an award to Master Lock of its reasonable attorney fees incurred in this action under 35 U.S.C. § 285; and

(i) for such other and further relief as may be just and appropriate.

Respectfully submitted, In San Juan, Puerto Rico, this 28th day of August, 2013.

FOR MASTER LOCK COMPANY LLC

/s/   *Diego A. Ramos*_____
Diego A. Ramos (Bar No. 127513)
Trial Counsel Coordinator
Intellectual Property Group
FIDDLER, GONZALEZ & RODRIGUEZ, PSC
P. O. Box 363507
San Juan, P. R. 00936-3507
Tel. 787-759-3162
Fax 787-759-3123
e-mail: dramos@fgrlaw.com

and (Pro Hac Vice future applicant)

John S. Cipolla (Ohio Bar No. 0043614)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East 6th Street
Cleveland, Ohio 44114
Tel. (216) 622-8200
Fax (216) 241-0816
jcipolla@calfee.com