**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| **MASTER LOCK COMPANY LLC**<br>137 West Forest Hill Avenue<br>Oak Creek, Wisconsin 53154,<br><br>Plaintiff,<br><br>v.<br><br>**TOLEDO & CO., INC.**<br>Urb. Industrial Espinosa, Lote 3<br>Carr #2 Vega Baja, Puerto Rico 00646<br>P.O. Box 915<br>Dorado, Puerto Rico 00646,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2013-cv-1658-SEC<br><br>JUDGE<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

Plaintiff Master Lock Company LLC ("Master Lock") files this Complaint against Defendant Toledo & Co., Inc. ("Toledo & Co."). Master Lock hereby complains and avers as follows:

1. This is an action for damages and injunctive relief to remedy patent infringement by Toledo of U.S. Patent No. 7,481,085 (the "'085 Patent", attached as **Exhibit A**), U.S. Patent No. 7,516,843 (the "'843 Patent", attached as **Exhibit B**), U.S. Patent No. 7,743,917 (the "'917 Patent", attached as **Exhibit C**), U.S. Patent No. 7,905,351 (the "'351 Patent", attached as **Exhibit D**), and U.S. Patent No. 8,166,783 (the "'783 Patent", attached as **Exhibit E**), all of

which are utility patents assigned to and owned by Master Lock (collectively, the "Master Lock Patents").

## THE PARTIES

2. Plaintiff Master Lock is a corporation existing under the laws of the State of Delaware, with a principal place of business at 137 West Forest Hill Avenue, Oak Creek, Wisconsin 53154. Master Lock makes and sells a diverse line of residential and commercial security products, including padlocks.

3. Defendant Toledo & Co. is, upon information and belief, a corporation existing under the laws of Puerto Rico with a principal place of business at Urb. Industrial Espinosa, Lote 3 Carr #2, Vega Alta, Puerto Rico 00646. Upon information and belief, Toledo & Co. imports and sells security products, including padlocks. Toledo & Co. regularly does business in Puerto Rico, including selling and shipping its products in this judicial district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy concerning patent infringement by virtue of Title 35 U.S.C. § 271 and § 281 and Title 28 U.S.C. § 1331 and § 1338(a).

5. This Court has personal jurisdiction over Toledo & Co. based on the following: Upon information and belief, Toledo & Co. maintains a principal place of business in Puerto Rico and an established distribution network for offering for sale, selling and/or shipping into Puerto Rico the infringing products as well as a substantial amount of other products sold by Toledo & Co. Upon information and belief, Toledo & Co.'s infringement of the Master Lock Patents in Puerto Rico has tortiously injured the Plaintiff, Master Lock, in this district. Further, Toledo & Co. (a) upon information and belief, is selling and/or has offered for sale products to

be sold in this judicial district which infringe the claims of the Master Lock Patents; (b) upon information and belief, regularly solicits business in this judicial district and sells a substantial amount of products in this judicial district; (c) upon information and belief, is engaged in substantial and non-isolated activities within this judicial district, whether such activities are wholly within Puerto Rico or otherwise; and (d) upon information and belief, derives substantial revenue from goods used or consumed in Puerto Rico and resides in Puerto Rico.

6. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b)(1), (b)(2) and (c) and 28 U.S.C. § 1400(b).

## BACKGROUND

7. Master Lock was founded in 1921. Since 1921, Master Lock has been an innovator in the design, application and performance of padlocks and other security products. Master Lock is well known around the world for the innovation and quality of its padlocks and security products, and Master Lock manufactures and markets its products on a worldwide basis.

8. Master Lock invests a great deal of monetary resources in designing and developing new products and innovations. Master Lock seeks worldwide intellectual property protection for many of its padlock and security product innovations. Master Lock presently owns approximately 287 issued patents and 64 pending patent applications in the United States. Master Lock owns approximately 1,153 issued patents in other countries around the world.

9. One brand of padlocks and other security products that Master Lock has designed and developed is called the Master Lock® Magnum® brand. The Magnum® line of products is a high-quality line of products targeted to both consumers and professionals, and is manufactured and sold with high-quality materials, innovative manufacturing processes and innovative mechanical and design features. Several of these innovations in the Magnum® line of products

are protected by U.S. and international patents. The Magnum® product line is very important to Master Lock and has been commercially successful. The Master Lock Patents relate to and cover various aspects of the Magnum® product line.

10. Upon information and belief, the Master Lock Patents are respected in the marketplace for padlocks and security products. Master Lock has taken steps in the past to protect its rights in certain of the Master Lock Patents.

11. Upon information and belief, Toledo & Co. is marketing and offering for sale the Toledo packaged laminated padlocks, and Toledo & Co. packaged solid steel padlocks (defined hereinafter in paragraphs 17 and 25, respectively) as competing products to Master Lock's Magnum® brand of padlocks and security products. In Toledo & Co.'s efforts to compete with Master Lock's successful Magnum® brand of padlocks and security products, upon information and belief, Toledo & Co. copied and/or derived various Master Lock product and packaging features from Master Lock's products that are covered by the Master Lock Patents. This misappropriation and unauthorized use of Master Lock's intellectual property gives rise to the patent infringement allegations (Counts I - V) below.

12. Toledo & Co. has engaged in a pattern of misappropriating and infringing upon Master Lock's intellectual property rights to unfairly compete with Master Lock. In July 2010, Master Lock notified Toledo & Co. that it was infringing a registered copyright owned by Master Lock. The infringing work was a store banner that Toledo & Co. displayed at a Home Depot retail store in Bayamón, Puerto Rico. The infringing Toledo & Co. store banner related to "anti-bump" technology protection that is intended to prevent the unauthorized "picking" or unauthorized opening of a lock. Toledo & Co. copied or derived these infringing images related

to anti-bump technology from a film clip of animation displayed on Master Lock's website. Master Lock owns a registered copyright on this film clip attached as **Exhibit F**.

13. Master Lock's counsel sent a letter to Toledo & Co. on July 12, 2010 notifying Toledo & Co. of this infringing activity and requesting, among other things, that Toledo & Co. remove the infringing banners from all retail locations. This letter is attached as **Exhibit G**. On July 28, 2010, counsel for Toledo & Co. responded with a letter, attached hereto as **Exhibit H**, essentially admitting to Toledo's infringing conduct and stating:

> Thus, our client Toledo will remove all banners which contain the Master Lock's images at the retail locations. We must note that the referenced images were only used in the banners and that our client will comply with Master Lock's request in thirty days.

Accordingly, Toledo & Co. has a history of infringing Master Lock's intellectual property, and in fact Toledo has admitted infringing Master Lock's intellectual property. However, Toledo has not stopped infringing Master Lock's intellectual property and instead now infringes five (5) patents as further alleged below.

14. Counsel for Master Lock and Toledo & Co. continued to correspond on the subject banners. On September 21, 2010, Master Lock's counsel sent counsel for Toledo & Co. a letter, a copy of which is attached hereto as **Exhibit I**. In this letter, Master Lock's counsel indicated to Toledo's counsel that, "Master Lock is pursuing patent rights related to anti-bump locks, including several pending U.S. and foreign patent applications." Master Lock also gave written notice and enclosed a copy of U.S. Patent Application No. US 2008/0202181 (the "'181 Patent Application") with the September 21, 2010 letter. Furthermore, Master Lock's counsel indicated that this application was relevant to certain Toledo & Co. locks including anti-bump technology. The '181 Patent Application ultimately issued as the '783 Patent covering various inventions related to anti-bump technology. Toledo & Co. never responded to this letter or asked

Master Lock for permission to use the anti-bump technology embodied in the ‘181 Patent Application or the ‘783 Patent. Instead, Toledo & Co. has continued its pattern of intellectual property infringement by choosing to infringe the ‘783 Patent along with four (4) other patents as further alleged below.

## CAUSES OF ACTION

## COUNT I- DIRECT INFRINGEMENT OF THE ‘085 PATENT

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above as if fully rewritten herein.

16. On January 27, 2009, the ‘085 Patent, including claims to sleeved laminated padlocks, was duly and legally issued naming Christopher Rohde, John Blomstrom, John Weber, and Robert Rice as inventors. Master Lock is the owner by assignment of the entire interest in the ‘085 Patent, including all rights to make, use and sell under the ‘085 Patent. A true and correct copy of the ‘085 Patent is attached hereto as **Exhibit A**.

17. Toledo & Co. imports, uses, sells, and offers for sale a line of packaged commercial lock products under the Toledo® High Security Laminated Padlock line, including packaged padlock product Model Nos. TBK12, TBK13, and TBK14 (“the Toledo packaged laminated padlocks”). The Toledo packaged laminated padlocks infringe at least claim 21 of the ‘085 Patent.

18. Defendant Toledo & Co. has been infringing and continues to infringe at least claim 21 of the Master Lock ‘085 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks in Puerto Rico that embody the patented invention in violation of the United States patent laws.

19. Upon information and belief, Toledo & Co.'s acts of infringement have been without license and with full knowledge and awareness of Master Lock's patent rights.

20. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '085 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

21. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

## COUNT II- DIRECT INFRINGEMENT OF THE '843 PATENT

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 above as if fully rewritten herein.

23. On April 14, 2009, the '843 Patent, including claims to padlock and packaging combinations, was duly and legally issued naming Gary Konop and David Kearns as inventors. Master Lock is the owner by assignment of the entire interest in the '843 Patent, including all rights to make, use and sell under the '843 Patent. A true and correct copy of the '843 Patent is attached hereto as **Exhibit B**.

24. The Toledo packaged laminated padlocks infringe at least claims 1, 3, 4, 5, 12, 15, and 16 of the '843 Patent.

25. Toledo & Co. imports, uses, sells, and offers for sale a line of packaged commercial lock products under the Toledo® Super Duty Solid Steel Padlock line, including packaged padlock product Model Nos. TBK90R and TBK92R ("the Toledo packaged solid steel

padlocks"). The Toledo packaged solid steel padlock Model No. TBK90R infringes at least claims 1, 3, 4, 5, 12, 15, and 16 of the '843 Patent.

26. Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock '843 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks and the Toledo packaged solid steel padlock Model No. TBK90R in Puerto Rico that embody the patented inventions in violation of the United States patent laws.

27. Upon information and belief, Toledo & Co.'s acts of infringement have been without license and with full knowledge and awareness of Master Lock's patent rights.

28. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '843 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

29. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

## COUNT III- DIRECT INFRINGEMENT OF THE '917 PATENT

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above as if fully rewritten herein.

31. On June 29, 2010, the '917 Patent, including claims to padlock and packaging combinations, was duly and legally issued naming Gary Konop and David Kearns as inventors. Master Lock is the owner by assignment of the entire interest in the '917 Patent, including all rights to make, use and sell under the '917 Patent. A true and correct copy of the '917 Patent is attached hereto as **Exhibit C**.

32. The Toledo packaged laminated padlock Model Nos. TBK12 and TBK13 infringe at least claims 1-7, 12-18, 21 and 26-31 of the ‘917 Patent. The Toledo packaged laminated padlock Model No. TBK14 infringes at least claims 14, 15, 18, and 21 of the ‘917 Patent.

33. The Toledo packaged solid steel padlock Model No. TBK90R infringes at least claims 1-7, 12-18, 21, and 26-31 of the ‘917 Patent.

34. Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock ‘917 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks and the Toledo packaged solid steel padlock Model No. TBK90R in Puerto Rico that embody the patented inventions in violation of the United States patent laws.

35. Upon information and belief, Toledo & Co.’s acts of infringement have been without license and with full knowledge and awareness of Master Lock’s patent rights.

36. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.’s infringement of the Master Lock ‘917 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

37. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.’s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.’s infringing acts set forth above cannot be determined without an accounting.

**COUNT IV- DIRECT INFRINGEMENT OF THE ‘351 PATENT**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 above as if fully rewritten herein.

39. On March 15, 2011, the ‘351 Patent, including claims to padlock and packaging combinations, was duly and legally issued naming Gary Konop and David Kearns as inventors.

Master Lock is the owner by assignment of the entire interest in the '351 Patent, including all rights to make, use and sell under the '351 Patent. A true and correct copy of the '351 Patent is attached hereto as **Exhibit D**.

40. The Toledo packaged laminated padlock Model Nos. TBK12 and TBK13 infringe at least claims 1-7 and 9-22 of the '351 Patent.

41. The Toledo packaged solid steel padlock Model No. TBK90R infringes at least claims 1-7 and 9-22 of the '351 Patent.

42. Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock '351 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlock Model Nos. TBK12 and TBK13 and the Toledo packaged solid steel padlock Model No. TBK90R in Puerto Rico that embody the patented inventions in violation of the United States patent laws.

43. Upon information and belief, Toledo & Co.'s acts of infringement have been without license and with full knowledge and awareness of Master Lock's patent rights.

44. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '351 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

45. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

## COUNT V- DIRECT INFRINGEMENT OF THE '783 PATENT

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 above as if fully rewritten herein.

47. On May 1, 2012, the '783 Patent, including claims to bump resistant key cylinder lock assemblies, was duly and legally issued naming Gary Burmesch, Jesse Marcelle, and Glenn Meekma as inventors. Master Lock is the owner by assignment of the entire interest in the '783 Patent, including all rights to make, use and sell under the '783 Patent. A true and correct copy of the '783 Patent is attached hereto as **Exhibit E**.

48. All of the Toledo packaged laminated padlocks infringe at least claim 13 of the '783 Patent.

49. All of the Toledo packaged solid steel padlocks infringe at least claim 13 of the '783 Patent.

50. Toledo & Co. imports, uses, sells, and offers for sale the Toledo® Super Duty Solid Steel Padlock line, including shackleless padlock product Model No. TBK400 ("the Toledo shackleless padlocks"). The Toledo shackleless padlock Model No. TBK400 infringes at least claim 13 of the '783 Patent.

51. Defendant Toledo & Co. has been infringing and continues to infringe the Master Lock '783 Patent by importing, using, selling, and/or offering for sale the Toledo packaged laminated padlocks, the Toledo packaged solid steel padlocks, and the Toledo shackleless padlock Model No. TBK400 in Puerto Rico that embody the claimed invention in violation of the United States patent laws.

52. Upon information and belief, Toledo & Co.'s acts of infringement of the '783 Patent have been willful and deliberate, without license, and with full knowledge and awareness

of Master Lock's patent rights. As set forth hereinabove, in the letter attached hereto as **Exhibit I**, Master Lock's counsel indicated to Toledo that it had a pending patent application related to anti-bump technology. This patent application issued as the '783 Patent on May 1, 2012. On September 21, 2010, Master Lock indicated that this application was highly relevant to Toledo's anti-bump related locks. Accordingly, upon information and belief, Toledo had notice of the '783 Patent or should have had notice of the '783 Patent prior to the filing of this lawsuit. In spite of this notice, upon information and belief and based on Toledo's past history of infringing upon Master Lock's intellectual property, Toledo willfully and with full knowledge of Master Lock's patent rights disregarded and infringed these rights. Upon information and belief, Toledo infringed the '783 Patent despite an objectively high likelihood that its actions constituted infringement, and this infringement risk was either known to Toledo or so obvious that Toledo should have known about it. All of the actions by Toledo occurred prior to the filing date of the original Complaint in this matter on August 28, 2013. Toledo never contacted Master Lock to seek permission to use the technology embodied in the '783 Patent in spite of being put on notice regarding its existence. Toledo's repeated infringement of Master Lock's intellectual property rights should be enjoined.

53. The harm to Master Lock within this judicial district and elsewhere in the United States resulting from Toledo & Co.'s infringement of the Master Lock '783 Patent set forth above is irreparable, continuing, and not fully compensable by money damages.

54. Upon information and belief, Toledo & Co. has profited and will continue to profit by its infringing activities. Master Lock has been damaged by Toledo & Co.'s infringing activities. The amount of monetary damages that Master Lock has suffered by Toledo & Co.'s infringing acts set forth above cannot be determined without an accounting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Master Lock prays:

(a) for a judgment that Master Lock owns each of the ‘085 Patent, the ‘843 Patent, the ‘917 Patent, the ‘351 Patent, and the ‘783 Patent;

(b) for a judgment that each of the ‘085 Patent, the ‘843 Patent, the ‘917 Patent, the ‘351 Patent, and the ‘783 Patent is valid and enforceable;

(c) for a judgment that Toledo & Co. has infringed each of the ‘085 Patent, the ‘843 Patent, the ‘917 Patent, the ‘351 Patent, and the ‘783 Patent;

(d) for a preliminary and permanent injunction against further infringement of each of the ‘085 Patent, the ‘843 Patent, the ‘917 Patent, the ‘351 Patent, and the ‘783 Patent by Defendant Toledo & Co., its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them;

(e) for an accounting to establish Master Lock’s damages and for judgment against Toledo & Co. awarding this damage amount;

(f) for a judgment that Toledo & Co’s infringement of the ‘783 Patent is willful and that the award of damages be increased three times the amount assessed under 35 U.S.C. § 284;

(g) for an assessment of costs against Toledo & Co.;

(h) for a finding that this action is exceptional and for an award to Master Lock of its reasonable attorney fees incurred in this action under 35 U.S.C. § 285; and

(i) for such other and further relief as may be just and appropriate.

Respectfully submitted in San Juan, Puerto Rico this 9th day of December 2013.

MASTER LOCK COMPANY LLC

/s/ ***John S. Cipolla*** [1]
John S. Cipolla (Ohio Bar No. 0043614)
jcipolla@calfee.com

/s/ ***Mark W. McDougall*** [1]
Mark W. McDougall (Ohio Bar No. 0080698)
mmcdougall@calfee.com

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East 6th Street
Cleveland, Ohio 44114
Tel. (216) 622-8200
Fax (216) 241-0816

/s/ ***Luz C. Molinelli-González***
Luz C. Molinelli-González (Bar No. 229312)
Intellectual Property Group
FIDDLER, GONZALEZ & RODRIGUEZ, PSC
P. O. Box 363507
San Juan, P. R. 00936-3507
Tel. 787-759-3201
Fax 787-250-7545
e-mail: lmolinelli@fgrlaw.com

***Attorneys for Plaintiff, Master Lock Company LLC***

[1] Pro Hac Vice applications pending. See, Docket Nos. 17 and 18.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Master Lock Company LLC hereby demands a jury trial.

Dated: December 9, 2013

MASTER LOCK COMPANY LLC

***/s/ John S. Cipolla*** [2]
John S. Cipolla (Ohio Bar No. 0043614)
jcipolla@calfee.com

***/s/ Mark W. McDougall*** [2]
Mark W. McDougall (Ohio Bar No. 0080698)
mmcdougall@calfee.com

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East 6th Street
Cleveland, Ohio 44114
Tel. (216) 622-8200
Fax (216) 241-0816

***/s/ Luz C. Molinelli-González***
Luz C. Molinelli-González (Bar No. 229312)
Intellectual Property Group
FIDDLER, GONZALEZ & RODRIGUEZ, PSC
P. O. Box 363507
San Juan, P. R. 00936-3507
Tel. 787-759-3201
Fax 787-250-7545
e-mail: lmolinelli@fgrlaw.com

***Attorneys for Plaintiff, Master Lock Company LLC***

[2] Pro Hac Vice applications pending. See, Docket Nos. 17 and 18.

## CERTIFICATE OF SERVICE

I CERTIFY that on this **9th** day of **December 2013**, I presented the foregoing to the Clerk of the court for filing and uploading to the CM/ECF system which will send an automatic electronic notification of such filing to all counsel of record.

***/s/ Luz C. Molinelli-González***
Signature of Local Counsel