**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MASTER LOCK COMPANY LLC**<br>Plaintiff,<br><br>v.<br><br>**TOLEDO & CO., INC.**<br>Defendant. | **CASE NO.: 3:13-CV-01658**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Toledo & Co., Inc. ("Toledo") answers the Complaint filed in this action by Plaintiff Master Lock Company LLC ("Plaintiff" or "Master Lock") as follows:

1. Toledo admits that the Plaintiff purports to allege a claim for infringement of U.S. Patents No. 7,481,085 (the "'085 Patent), U.S. Patent No. 7,516,843 (the "'843 Patent"), U.S. Patent No. 7,743,917 (the "'917 Patent"), U.S. Patent No. 7,905,351 (the "'351 Patent"), and U.S. Patent No. 8,166,783 (the "'783 Patent") (collectively referred to as the "Master Lock Patents").

**THE PARTIES**

2. Paragraph 2 of the Complaint does not assert any allegations against Toledo and therefore does not require a response. To the extent that a response is required, the allegations contained in Paragraph 2 of the Complaint are denied.

3. Toledo admits paragraph 3.

**JURISDICTION AND VENUE**

4. Toledo admits that this Court has subject matter jurisdiction over controversies concerning patent infringement by virtue of Title 35 U.S.C. § 271 and§ 281 and Title 28 U.S.C. §1331 and § 1338(a).

5. Toledo admits that it maintains a principal place of business and resides in Puerto Rico, sells a substantial amount of products in this judicial district, is engaged in substantial and non-isolated activities within this judicial district, and derives substantial revenue from goods used or consumed in Puerto Rico. Toledo denies the remaining allegations in paragraph 5.

6. Toledo admits paragraph 6.

## BACKGROUND

7. Toledo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. Toledo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Toledo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Toledo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. Toledo admits that it markets and offers for sale the Toledo packaged laminated padlocks and the Toledo packaged solid steel padlocks. Toledo denies the remaining allegations in paragraph 11.

12. Toledo admits that in July 2010 Master Lock notified Toledo that it was allegedly infringing a registered copyright owned by Master Lock. Toledo further admits that the alleged infringing work was a store banner that Toledo displayed at a Home Depot retail store in Bayamón, Puerto Rico. Toledo also admits that the store banner related to “anti-bump” technology. Finally, Toledo admits that Master Lock owns what appears to be a registered

copyright on the Film clip attached as **Exhibit F**. Toledo denies the remaining allegations in paragraph 12.

13. Toledo admits that Master Lock's counsel sent a letter to Toledo on July 12, 2010 notifying Toledo of the alleged infringing activity and requesting that Toledo remove the banners from all retail locations. Toledo admits that the letter is attached as **Exhibit G** and that counsel for Toledo responded with the letter attached as **Exhibit H**. Toledo admits that the following statement was included in the letter attached as **Exhibit H**:

> Thus, our client Toledo will remove all banners which contain the Master Lock's images at the retail locations. We must note that the referenced images were only used in the banners and that our client will comply with Master Lock's request in thirty days.

Toledo denies the remaining allegations in paragraph 13.

14. Toledo admits that on September 21, 2010, Master Lock's counsel sent counsel for Toledo a letter (**Exhibit I**) indicating that, "Master Lock is pursuing patent rights related to anti-bump locks, including several pending U.S. and foreign patent applications." Toledo admits that Master Lock also gave written notice and enclosed a copy of U.S. Patent Application No. US 2008/0202181 (the "'181 Patent Application") with the September 21, 2010 letter. Toledo admits that Master Lock's counsel indicated that this application was relevant to certain Toledo locks including anti-bump technology. Toledo admits that the '181 Patent Application ultimately issued as the '783 Patent, although it was never notified of this fact by Master Lock. Toledo admits that it never responded to the letter or asked Master Lock for permission to use the technology embodied in the '181 Patent Application or the '783 Patent. Toledo denies the remaining allegations in paragraph 14.

## CAUSE OF ACTION

## COUNT I – DIRECT INFRINGEMENT OF THE '085 PATENT

15. Toledo re-alleges and incorporates by reference the answers to paragraphs 1 through 14 above as if fully rewritten herein.

16. Toledo admits that what appears to be a true and correct copy of the '085 Patent that purports on its face to have been issued on January 27, 2009 is attached to the Complaint as **Exhibit A**. The copy names Christopher Rohde, John Blomstrom, John Weber, and Robert Rice as inventors and Master Lock as the assignee. Toledo denies that the '843 patent was duly and legally issued. Toledo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Toledo admits that it imports, uses, sells, and offers for sale a line of packaged commercial lock products under the Toledo® High Security Laminated Padlock line, including packaged padlock product Model Nos. TBK12, TBK13, and TBK14 ("the Toledo packaged laminated padlocks"). Toledo denies that the Toledo packaged laminated padlocks infringe the '085 Patent.

18. Toledo denies the allegations in paragraph 18.

19. Toledo denies the allegations in paragraph 19.

20. Toledo denies the allegations in paragraph 20.

21. Toledo denies the allegations in paragraph 21.

## COUNT II – DIRECT INFRINGEMENT OF THE '843 PATENT

22. Toledo re-alleges and incorporates by reference the answers to paragraphs 1 through 21 above as if fully rewritten herein.

23. Toledo admits that what appears to be a true and correct copy of the ’843 Patent that purports on its face to have been issued on April 14, 2009 is attached to the Complaint as **Exhibit B**. The copy names Gary Konop and David Kearns as inventors and Master Lock as the assignee. Toledo denies that the ‘843 patent was duly and legally issued. Toledo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24. Toledo denies the allegations in paragraph 24.

25. Toledo admits that it imports, uses, sells, and offers for sale a line of packaged commercial lock products under the Toledo® Super Duty Solid Steel Padlock line, including packaged padlock product Model Nos. TBK90R and TBK92R (“the Toledo packaged solid steel padlocks”). Toledo denies that the Toledo packaged solid steel padlocks infringe the ‘843 Patent.

26. Toledo denies the allegations in paragraph 26.

27. Toledo denies the allegations in paragraph 27.

28. Toledo denies the allegations in paragraph 28.

29. Toledo denies the allegations in paragraph 29.

**COUNT III – DIRECT INFRINGEMENT OF THE ‘917 PATENT**

30. Toledo re-alleges and incorporates by reference the answers to paragraphs 1 through 29 above as if fully rewritten herein.

31. Toledo admits that what appears to be a true and correct copy of the ’917 Patent that purports on its face to have been issued on June 29, 2010 is attached to the Complaint as **Exhibit C**. The copy names Gary Konop and David Kearns as inventors and Master Lock as the assignee. Toledo denies that the ‘917 patent was duly and legally issued. Toledo lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32. Toledo denies the allegations in paragraph 32.

33. Toledo denies the allegations in paragraph 33.

34. Toledo denies the allegations in paragraph 34.

35. Toledo denies the allegations in paragraph 35.

36. Toledo denies the allegations in paragraph 36.

37. Toledo denies the allegations in paragraph 37.

**COUNT IV – DIRECT INFRINGEMENT OF THE '351 PATENT**

38. Toledo re-alleges and incorporates by reference the answers to paragraphs 1 through 37 above as if fully rewritten herein.

39. Toledo admits that what appears to be a true and correct copy of the '351 Patent that purports on its face to have been issued on March 15, 2011 is attached to the Complaint as **Exhibit D**. The copy names Gary Konop and David Kearns as inventors and Master Lock as the assignee. Toledo denies that the '351 patent was duly and legally issued. Toledo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39.

40. Toledo denies the allegations in paragraph 40.

41. Toledo denies the allegations in paragraph 41.

42. Toledo denies the allegations in paragraph 42.

43. Toledo denies the allegations in paragraph 43.

44. Toledo denies the allegations in paragraph 44.

45. Toledo denies the allegations in paragraph 45.

**COUNT V – DIRECT INFRINGEMENT OF THE '783 PATENT**

46. Toledo re-alleges and incorporates by reference the answers to paragraphs 1 through 45 above as if fully rewritten herein.

47. Toledo admits that what appears to be a true and correct copy of the '783 Patent that purports on its face to have been issued on May 1, 2012 is attached to the Complaint as Exhibit E. The copy names Gary Burmesch, Jesse Marcelle, and Glenn Meekma as inventors and Master Lock as the assignee. Toledo denies that the '783 patent was duly and legally issued. Toledo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

48. Toledo denies the allegations in paragraph 48.

49. Toledo denies the allegations in paragraph 49.

50. Toledo admits that it imports, uses, sells, and offers for sale the Toledo® Super Duty Solid Steel Padlock line, including shackleless padlock product Model No. TBK400 ("the Toledo shackleless padlocks"). Toledo denies that the Toledo shackleless padlocks infringe the '783 Patent.

51. Toledo denies the allegations in paragraph 51.

52. Toledo admits that in the letter attached to the Amended Complaint (Exhibit I), Master Lock's counsel indicated to Toledo that it had a pending patent application related to anti-bump technology. Toledo admits that this patent application issued as the '783 Patent on May 1, 2012. Toledo admits that on September 21, 2010, Master Lock indicated that this application was highly relevant to Toledo's anti-bump related locks. Toledo denies the remaining allegations in paragraph 52.

53. Toledo denies the allegations in paragraph 53.

54. Toledo denies the allegations in paragraph 54.

## RESPONSE TO PRAYER FOR RELIEF

Toledo denies the allegations in Master Lock's Prayer For Relief and denies that Master Lock is entitled to any relief, including without limitation, Subparagraphs (a) through (i) of Master Lock's Prayer For Relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Toledo asserts the following defenses without assuming any burden that it would not otherwise have. Toledo reserves the right to amend its Answer with additional defenses as more information is obtained.

### First Defense: Non-Infringement of the Asserted Patents

1. Toledo is not infringing and has not infringed, either directly or jointly, or by inducement, any valid and enforceable claim of the Master Lock Patents literally or by the doctrine of equivalents, willfully, or otherwise.

### Second Defense: Invalidity of the Asserted Patents

2. One or more claims of the Master Lock Patents is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense: Failure to Provide Notice

3. Plaintiff cannot establish the notice requirements of 35 U.S.C. § 287.

4. Plaintiff did not notify Toledo of the Asserted Patents prior to commencing this lawsuit.

5. Accordingly, Plaintiff may not claim pre-lawsuit damages, in whole or in part, to comply with 35 U.S.C. § 287.

**Fourth Defense: Prosecution History Estoppel, Disclaimer**

6. The doctrines of prosecution history estoppel and/or disclaimer preclude a finding of infringement of any valid and enforceable claim of the Master Lock Patents.

**Fifth Defense: Dedication to the Public**

7. Plaintiff has dedicated to the public any method, system, and/or product disclosed in the Master Lock Patents but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

**Sixth Defense: Failure to State a Claim**

8. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Seventh Defense: Laches, Waiver, Estoppel**

9. Plaintiff is barred by the doctrines of laches, waiver and estoppel from obtaining relief for alleged infringement because it unreasonably and inexcusably delayed in asserting or providing any notice of alleged infringement of the Master Lock Patents, causing material prejudice in at least the loss of evidence and investment in the use of the accused algorithms.

**Eighth Defense: Failure to Mitigate Damages**

10. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages, including but not limited to its delay in bringing this lawsuit and failing to properly notify Toledo of its allegations of infringement in the intervening period between the time the patent issued and the time Plaintiff filed suit.

**Ninth Defense: Reverse Doctrine of Equivalents**

11. The accused methods and/or systems Plaintiff associates with Toledo operate and/or are configured in ways substantially different in principle from the way the alleged invention described or claimed in the patent operates and/or is configured, and Plaintiff cannot sustain its burden of proving otherwise.

**Tenth Defense: No Equitable Relief**

12. To the extent that Plaintiff is entitled to any relief, Plaintiff is not entitled to equitable relief, including injunctive relief, under applicable legal standards.

13. On information and belief, Plaintiff does not presently engage in current commercial activity that practices at least one claim of the Master Lock Patents.

14. Plaintiff cannot show that it has suffered or will suffer any irreparable injury as a result of Toledo's actions.

15. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Toledo's actions.

16. Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Toledo, a remedy in equity is warranted.

17. Plaintiff cannot show that the public interest favors an injunction against Toledo.

18. Plaintiff can meet none of the requirements for an injunction. Plaintiff is not entitled to an injunction

**<u>COUNTERCLAIMS</u>**

As and for its Counterclaims, Toledo alleges as follows:

<u>+</u>

## THE PARTIES

1. Counterclaim Plaintiff Toledo is a corporation existing under the laws of Puerto Rico with a principal place of business at Urb. Industrial Espinosa, Lote 3 Carr #2, Vega Alta, Puerto Rico 00646. Toledo distributes residential and commercial security products in Puerto Rico and the Caribbean.

2. Counterclaims Defendant Master Lock is a corporation existing under the laws of the State of Delaware, with a principal place of business at 137 West Forest Hill Avenue, Oak Creek, Wisconsin 53154. Master Lock makes and sells a diverse line of residential and commercial security products.

3. Toledo is a competitor of Master Lock who has grown in the local market by selling, *inter alia*, popular padlocks. In an attempt to intimidate Toledo and eliminate the competition, Master Lock filed the present Amended Complaint despite the fact that it does not even practice some of the asserted claims of the Master Lock Patents. Master Lock's actions are part of its documented strategy to deceive and deter competitors through Master Lock's improper use of the patent system.[1]

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under at least 28 U.S.C. § 1331, § 1338(a), 1367, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

5. By virtue of filing its Complaint, Plaintiff and Counterdefendant Master Lock has availed itself of the legal protections of the Commonwealth of Puerto Rico and this district, and therefore this Court has personal jurisdiction over Master Lock.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

---

[1] See, Patent Group, LLC v. Master Lock Company, LLC, Case No. 6:10-cv-00148-LED, (AMENDED QUI TAM COMPLAINT FOR FALSE MARKING), filed October 14, 2010 and settled October 15, 2010.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ‘085 PATENT**

6. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 5 of the Counterclaims as if fully set forth herein.

7. Based on Master Lock’s filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo’s products or acts infringes any claims of the ’085 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the ’085 Patent, either directly or indirectly, or otherwise.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘085 PATENT**

9. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 8 of the Counterclaims as if fully set forth herein.

10. Based on Master Lock’s filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the ’085 Patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the ’085 patent are invalid because they fail to comply with the provision of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ‘843 PATENT**

12. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 11 of the Counterclaims as if fully set forth herein.

13. Based on Master Lock’s filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo’s products or acts infringes any claims of the ’843 Patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the ’843 Patent, either directly or indirectly, or otherwise.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘843 PATENT**

15. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 14 of the Counterclaims as if fully set forth herein.

16. Based on Master Lock’s filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the ’843 Patent.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the ’843 patent are invalid because they fail to comply with the provision of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '917 PATENT**

18. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 17 of the Counterclaims as if fully set forth herein.

19. Based on Master Lock's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo's products or acts infringes any claims of the '917 Patent.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the '917 Patent, either directly or indirectly, or otherwise.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '917 PATENT**

21. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 20 of the Counterclaims as if fully set forth herein.

22. Based on Master Lock's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '917 Patent.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the '917 patent are invalid because they fail to comply with the provision of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '351 PATENT**

24. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 23 of the Counterclaims as if fully set forth herein.

25. Based on Master Lock's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo's products or acts infringes any claims of the '351 Patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the '351 Patent, either directly or indirectly, or otherwise.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '351 PATENT**

27. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 26 of the Counterclaims as if fully set forth herein.

28. Based on Master Lock's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '351 Patent.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the '351 patent are invalid because they fail to comply with the provision of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '783 PATENT**

30. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 29 of the Counterclaims as if fully set forth herein.

31. Based on Master Lock's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo's products or acts infringes any claims of the '783 Patent.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the '783 Patent, either directly or indirectly, or otherwise.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '783 PATENT**

33. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 32 of the Counterclaims as if fully set forth herein.

34. Based on Master Lock's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '783 Patent.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the '783 patent are invalid because they fail to comply with the provision of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant and Counterclaimant Toledo prays that this Court enter judgment in its favor and grant the following relief:

A. For an order that Master Lock is not entitled to any relief, whether in law or equity or otherwise, from its suit against Toledo;

B. For an order dismissing Master Lock's Complaint with prejudice;

C. For a declaration that Defendant and Counterclaimant Toledo's products and acts have not infringed and do not infringe any claim of the Master Lock Patents;

D. For a declaration that the claims of the Master Lock Patents are invalid;

E. For an injunction that permanently enjoins Master Lock, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the Master Lock Patents against Toledo or any parents, affiliates, or subsidiaries of Toledo or their respective officers, agents, employees, successors, and assigns;

F. For an order finding this case that this case is exceptional and awarding Defendant and Counterclaimant Toledo its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

G. For an award of any additional relief, in law and in equity, as the Court may deem appropriate and just under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30 day of December, 2013.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*Attorneys for* **Toledo & Co., Inc.**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*/s/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
etorres@ferraiuoli.com

*/s/Cristina Arenas Solís*
**Cristina Arenas Solís**
USDC PR No. 223511
carenas@ferraiuoli.com