**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MASTER LOCK COMPANY LLC**<br>Plaintiff,<br><br>v.<br><br>**TOLEDO & CO., INC.**<br>Defendant. | **CASE NO.: 3:13-CV-01658 (PAD)**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## Amended Counterclaims

COMES NOW Defendant Toledo & Co., Inc. ("Toledo"), through the undersigned attorneys, and pursuant to the Memorandum and Order (Docket No. 54), files these Amended Counterclaims to Plaintiff Master Lock Company LLC's ("Master Lock") Amended Complaint (Dkt. # 22) and alleges as follows:

## The Parties

1. Counterclaim-Plaintiff Toledo is a corporation existing under the laws of Puerto Rico with a principal place of business at Urb. Industrial Espinosa, Lote 3 Carr #2, Vega Alta, Puerto Rico 00646. Toledo distributes residential and commercial security products in Puerto Rico and the Caribbean.

2. Counterclaims-Defendant Master Lock is a corporation existing under the laws of the State of Delaware, with a principal place of business at 137 West Forest Hill Avenue, Oak Creek, Wisconsin 53154. Master Lock makes and sells a diverse line of residential and commercial security products.

3. Toledo is a competitor of Master Lock who has grown in the local market by selling, *inter alia,* popular padlocks. In an attempt to intimidate Toledo and eliminate the competition, Master Lock filed the present Amended Complaint despite the fact that it does not even practice

some of the asserted claims of the Master Lock Patents. Master Lock's actions are part of its documented strategy to deceive and deter competitors through Master Lock's improper use of the patent system.[1]

**Jurisdiction And Venue**

4. This Court has subject matter jurisdiction under at least 28 U.S.C. § 1331, § 1338(a), 1367, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

5. By virtue of filing its Amended Complaint, Plaintiff and Counterdefendant Master Lock has availed itself of the legal protections of the Commonwealth of Puerto Rico and this district, and therefore this Court has personal jurisdiction over Master Lock.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**Counterclaim For Declaratory Judgment of Noninfringement of The '085 Patent**

7. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 6 of the Counterclaims as if fully set forth herein.

8. Based on Master Lock's filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo's products or acts infringes any claims of U.S. Patent No. 7,481,085 (the "'085 Patent").

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the '085 Patent, either directly or indirectly, or otherwise. For example, and without limitation, the Toledo® High Security Laminated Padlock line, including Model Nos. TBK12, TBK13, and TBK14 (the "Toledo Packaged Padlocks") do not contain the "at least one longitudinally

---

[1] *See*, Patent Group, LLC v. Master Lock Company, LLC, Case No. 6:10-cv-00148-LED, (AMENDED QUI TAM COMPLAINT FOR FALSE MARKING), filed October 14, 2010 and settled October 15, 2010.

extending fastener assembled with the stack of plates of the lock body; wherein at least one of the first and second end cap portions is secured to the lock body by the at least one fastener" limitation recited in the asserted claim of the '085 Patent.

**Counterclaim For Declaratory Judgment Of Invalidity Of The '085 Patent**

10. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 9 of the Counterclaims as if fully set forth herein.

11. Based on Master Lock's filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '085 Patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the '085 patent are invalid under 35 U.S.C. §§ 102 and 103 in light of at least U.S. Patent No. 1,020,891.

**Counterclaim For Declaratory Judgment Of Noninfringement Of The '843 Patent**

13. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 12 of the Counterclaims as if fully set forth herein.

14. Based on Master Lock's filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo's products or acts infringes any claims of U.S. Patent No. 7,516,843 (the "'843 Patent").

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the '843 Patent, either directly or indirectly, or otherwise. For example, and without limitation, the Toledo Packaged Padlocks do not contain, the "padlock engaging feature spaced

apart from the hasp and configured to limit clockwise and counterclockwise swinging movement of the padlock with respect to the package in a direction substantially parallel to the card" element recited in the asserted claims of the '843 Patent.

**<u>Counterclaim For Declaratory Judgment of Invalidity of The '843 Patent</u>**

16. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 15 of the Counterclaims as if fully set forth herein.

17. Based on Master Lock's filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '843 Patent.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the '843 Patent are invalid under 35 U.S.C. § 103 in view of at least U.S. Patent No. 2,949,185 and U.S. Publication 2004/0178096 A1. Furthermore, Toledo requests a declaration from the Court that the claims of the '843 patent are invalid under 35 U.S.C. § 112 at least on the basis of indefiniteness and that it does not enable one of ordinary skill in the art to make or use a padlock display package containing a "padlock engaging feature spaced apart from the hasp and configured to limit clockwise and counterclockwise swinging movement of the padlock with respect to the package in a direction substantially parallel to the card."

**<u>Counterclaim For Declaratory Judgment of Noninfringement of The '917 Patent</u>**

19. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 18 of the Counterclaims as if fully set forth herein.

20. Based on Master Lock's filing of the Amended Complaint, an actual controversy

has arisen and now exists between the parties as to whether any of Toledo's products or acts infringes any claims U.S. Patent No. 7,743,917 (the "'917 Patent"). For example, and without limitation, the Toledo Packaged Padlocks do not contain, the "at least a first padlock retaining surface extending outward from the front side of the card and spaced apart from the hasp, the first padlock retaining surface being configured to limit clockwise and counterclockwise swinging movement of the padlock with respect to the package in a direction substantially parallel to the card" element recited in the asserted claims of the '917 Patent.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of the '917 Patent, either directly or indirectly, or otherwise.

**<u>Counterclaim For Declaratory Judgment of Invalidity of The '917 Patent</u>**

22. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 of the Counterclaims as if fully set forth herein.

23. Based on Master Lock's filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '917 Patent.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the '917 patent are invalid under 35 U.S.C. § 103 in view of at least U.S. Patent No. 2,949,185 and U.S. Publication 2004/0178096 A1. Furthermore, Toledo requests a declaration from the Court that the claims of the '917 patent are invalid under 35 U.S.C. § 112 at least on the basis of indefiniteness and that it does not enable one of ordinary skill in the art to make or use a padlock display package containing a "at least a first padlock retaining surface extending outward from the front side of

the card and spaced apart from the hasp, the first padlock retaining surface being configured to limit clockwise and counterclockwise swinging movement of the padlock with respect to the package in a direction substantially parallel to the card."

**Counterclaim For declaratory Judgment of Noninfringement of The '351 Patent**

25. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 24 of the Counterclaims as if fully set forth herein.

26. Based on Master Lock's filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo's products or acts infringes any claims of the '351 Patent.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of U.S. Patent No.7,905,351 (the "'351 Patent"), either directly or indirectly, or otherwise. For example, and without limitation, the Toledo Packaged Padlocks do not contain, the "at least a first padlock retaining surface extending outward from the front side of the card and spaced apart from the hasp, the first padlock retaining surface being configured to limit swinging movement of the padlock with respect to the package in a direction substantially parallel to the card" element recited in the asserted claims of the '351 Patent.

**Counterclaim For declaratory Judgment of Invalidity of The '351 Patent**

28. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 27 of the Counterclaims as if fully set forth herein.

29. Based on Master Lock's filing of the Amended Complaint, an actual controversy

has arisen and now exists between the parties as to the invalidity of the claims of the ’351 Patent.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of U.S. Patent No.’351 are invalid under 35 U.S.C. § 103 in view of at least U.S. Patent No. 2,949,185 and U.S. Publication 2004/0178096 A1. Furthermore, Toledo requests a declaration from the Court that the claims of the ’351 patent are invalid under 35 U.S.C. § 112 at least on the basis of indefiniteness and that it does not enable one of ordinary skill in the art to make or use a padlock display package containing a “at least a first padlock retaining surface extending outward from the front side of the card and spaced apart from the hasp, the first padlock retaining surface being configured to limit swinging movement of the padlock with respect to the package in a direction substantially parallel to the card.”

**Counterclaim For Declaratory Judgment of Noninfringement of The ’783 Patent**

31. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 30 of the Counterclaims as if fully set forth herein.

32. Based on Master Lock’s filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Toledo’s products or acts infringes any claims of the ’783 Patent.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that its products and acts do not infringe any claim of U.S. Patent No. 8,166,783 (the “’783 Patent”), either directly or indirectly, or otherwise. For example, the Toledo® Super Duty Solid Steel Padlock line, including Model No. TBK400, uses anti-tampering systems which were part of the public domain before the priority date for the

'783, including for example U.S. Patent No. 2,059,129.

**Counterclaim For Declaratory Judgment of Invalidity of The '783 Patent**

34. Toledo re-alleges and incorporates by reference the allegations of paragraphs 1 through 33 of the Counterclaims as if fully set forth herein.

35. Based on Master Lock's filing of the Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '783 Patent.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Toledo requests a declaration from the Court that the claims of the '783 patent are invalid under 35 U.S.C. §§ 102 and 103 in light of at least U.S. Patent No. 2,059,129.

**Prayer For Relief**

WHEREFORE, Defendant and Counterclaimant Toledo prays that this Court enter judgment in its favor and grant the following relief:

A. For an order that Master Lock is not entitled to any relief, whether in law or equity or otherwise, from its suit against Toledo;

B. For an order dismissing Master Lock's Amended Complaint with prejudice;

C. For a declaration that Defendant and Counterclaimant Toledo's products and acts have not infringed and do not infringe any claim of the Master Lock Patents;

D. For a declaration that the claims of the Master Lock Patents are invalid;

E. For an injunction that permanently enjoins Master Lock, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the

Master Lock Patents against Toledo or any parents, affiliates, or subsidiaries of Toledo or their respective officers, agents, employees, successors, and assigns;

F. For an order finding this case that this case is exceptional and awarding Defendant and Counterclaimant Toledo its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

G. For an award of any additional relief, in law and in equity, as the Court may deem appropriate and just under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 11th day of July, 2014.

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*Attorneys for* **Toledo & Co., Inc.**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001
*37.*
*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
etorres@ferraiuoli.com

*S/Cristina Arenas Solís*
**Cristina Arenas Solís**
USDC PR No. 223511
carenas@ferraiuoli.com